IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Eve Thornton and Eve, Inc., | ) |
|                  Plaintiffs, | ) C.A. No. 6:20-CV-01449-DCC |
| v. | ) **OPINION AND ORDER** |
| Dave Alfred Johnson and Alda, Inc., | ) |
|                  Defendants. | ) |

This matter is before the Court on the remaining portion of Defendants' Motion for Summary Judgment. ECF No. 63. Defendants filed a Sealed Supplemental Memorandum in Further Support of Defendants' Motion for Summary Judgment, and Plaintiffs filed a Sur-Reply in Response. ECF Nos. 91, 94. Defendants filed a Sur-Sur-Reply. ECF No. 99. For the reasons set forth below, the remaining portion of Defendants' Motion for Summary Judgment is denied.

## **BACKGROUND**

This case arises from commissions Defendants allegedly owed to Plaintiff Eve Thornton ("Plaintiff Thornton"). ECF No. 12 at 3–4. Plaintiff Thornton is in the business of wholesaling shoes, and between 2002 through 2011, Plaintiff Thornton did so on behalf of Italian Shoemakers, Inc. ("ISI"). *Id.* at 2–3; ECF No. 91-3 at 8. ISI paid Plaintiff Thornton a salary of $12,500 every month and was supposed to also pay commissions based on Plaintiff Thornton's sales performance. ECF No. 12 at 2. Defendant Dave Alfred Johnson ("Defendant Johnson") represented ISI's business interests and is the

sole owner of Alda, Inc. ("Defendant Alda").  *Id.*  Four months after ISI hired Plaintiff Thornton, Plaintiff Thornton decided to quit her position to pursue other employment.  *Id.*  Defendant Johnson offered Plaintiff Thornton an additional salary of $2,000 per month if she did not quit, and Plaintiff Thornton accepted the offer.  *Id.*  Plaintiff received the $2,000 from Defendant Johnson's company, Defendant Alda, not from ISI.  *Id.* at 3.  Two months after accepting Defendant Johnson's offer, the additional $2,000 was increased to $2,500, still paid by Defendant Alda.  *Id.*  With respect to the commissions, ISI paid the commissions to Defendant Johnson and/or Defendant Alda, who in turn was supposed to pay Plaintiff Thornton and/or the company she owned, Eve, Inc. ("Plaintiff Eve, Inc.").  *Id.*  Between 2004 through 2011, Plaintiff Thornton received commissions each year between $5,000 and $26,500, totaling $116,500.  *Id.*  In January 2012, Plaintiff Thornton became an in-house sales executive for ISI.  ECF No. 91-3 at 8.  On January 1, 2019, ISI and Defendants signed a Confidential Settlement and Release Agreement ("the Release"), ECF No. 91-1, which resolved litigation initiated by Defendant Johnson against ISI in North Carolina for alleged unpaid commissions, ECF Nos. 12 at 5; 93 at 2.  The Release states, in part, that:

> [ISI], on behalf of itself and its officers, directors, shareholders, employees, affiliates, agents, predecessors, successors and assigns (collectively the "Defendant Releasor") hereby irrevocably and unconditionally releases and forever discharges Johnson and ALDA and their respective officers, directors, shareholders, employees, affiliates, agents, predecessors, successors, heirs, and assigns (collectively the "Plaintiff Releasees") from and of any and all claims, demands, causes of action, suits, losses, liabilities, costs, expenses (including attorneys' fees) and damages of any kind or nature, whether known or unknown, in law or in equity, that the Defendant Releasor ever had, may have had or may now

> have against the Plaintiff Releasees, including, but not limited to, any claim arising from or related to the Claim or the Action or the subject matter thereof, whether known or unknown, including, without limitation, any claims relating to the Claim and the Action or the subject matter thereof, except as is specifically reserved in this Agreement.

ECF No. 91-1 at 5–6.  As part of the litigation between Defendant Johnson and ISI, Plaintiff Thornton acted as a witness and/or deponent and, through her involvement, learned that Defendants allegedly withheld and kept commissions paid by ISI and owed to her and/or her company.  ECF No. 12 at 3.  Significantly, neither Plaintiff Thornton nor Plaintiff Eve, Inc. was a party to that action.  *Id.*

On March 10, 2020, Plaintiffs filed the Complaint in the Greenville County Court of Common Pleas.  ECF No. 1-1.  On April 16, 2020, Defendants removed the case to federal court.  ECF No. 1.  On April 23, 2020, Defendants filed a Motion to Dismiss, and on May 14, 2020, Plaintiffs filed an Amended Complaint asserting causes of action for breach of contract, violation of S.C. Code Ann. § 39-65-10 (Payment of Post-termination Claims to Sales Representatives), breach of contract accompanied by a fraudulent act, fraud, negligent misrepresentation, violation of South Carolina Unfair Trade Practices Act ("SCUTPA"), and violation of South Carolina Payment of Wages Act.  ECF Nos. 7, 12.  On September 14, 2020, this Court issued a Text Order finding Defendants' first Motion to Dismiss to be moot because of Plaintiffs' Amended Complaint.  ECF No. 20.  On May 28, 2020, Defendants filed a Motion to Dismiss the Amended Complaint.  ECF No. 16.  On December 7, 2020, this Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint and in which the Court dismissed without prejudice Plaintiffs' claims for violation of S.C. Code Ann. § 39-65-10 (Payment

of Post-termination Claims to Sales Representatives) and violation of SCUTPA.  ECF No. 21.  On March 7, 2022, Defendants filed a Motion for Summary Judgment.  ECF No. 63.  Plaintiffs filed a Response in Opposition on April 11, 2022, and on April 26, 2022, Defendants filed a Reply.  ECF Nos. 71, 74.  On June 20, 2023, the Court held a hearing in which the Court granted Defendant's Motion for Summary Judgment as to Plaintiffs' claim for violation of South Carolina Payment of Wages Act but denied summary judgment as to Plaintiffs' remaining claims.  ECF Nos. 86, 88.  The Court took under advisement the specific issue of whether Plaintiffs' remaining claims are barred by the Release.  ECF Nos. 86, 88.  On November 14, 2023, Defendants filed a Sealed Supplemental Memorandum in Further Support of Defendants' Motion for Summary Judgment, and on January 8, 2024, Plaintiffs filed a Sur-Reply in Response.  ECF Nos. 91, 94.  On February 6, 2024, Defendants filed a Sur-Sur-Reply.  ECF No. 99.  Accordingly, this matter is ripe for review.

## APPLICABLE LAW

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56(a) states, as to a party who has moved for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.

4

*Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp*., 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce evidence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

Defendants contend that that the Release executed between them and ISI released all claims by ISI and its employees and/or agents, and because Plaintiff Thornton was an employee and/or agent when the Release was executed, Plaintiffs' remaining claims are barred. ECF No. 91 at 2. Defendants contend that the language of the Release is clear and unambiguous as it applies to Plaintiffs and Plaintiffs' claims. *Id.* at 5. Defendants argue that the Release applies to ISI and its employees and agents and because Plaintiff Thornton admitted in a deposition that she was an employee and/or agent of ISI when Defendants and ISI executed the Release, the Release applies to Plaintiff Thornton. *Id.*[1]

Defendants contend that the Release applies to Plaintiffs' claims because the Release includes a release of "any and all claims . . . and damages of any kind or nature, whether known or unknown . . . that [ISI] ever had, may have had or may now have against [Defendants]." *Id.* at 5–6; citing ECF No. 91-1 at 4–5. Defendants argue that the quoted language applies to all claims that Plaintiff Thornton had against Defendants as

---

[1] No argument has been raised that Plaintiff Eve, Inc. was an agent of ISI at that time.

6

of the date of the execution of the Release—January 7, 2019—which include Plaintiffs' claims in the present case.  ECF No. 91 at 6.  Defendants further contend that the parties specifically intended to release Plaintiffs' claims because the Release indicates that Defendants and ISI executed it to specifically resolve "claims for unpaid commissions owed for the time period that Defendants and their representatives, including Plaintiffs, were providing sales representative services to ISI."  *Id.* at 7.

In contrast, Plaintiffs contend that the Release does not bind them because they were not parties to the Release.  ECF No. 94 at 2–3.  Plaintiffs contend that their individual claims cannot be waived by another individual or entity, i.e., ISI.  *Id.* at 5–6.  Plaintiffs argue that ISI could bind its representatives to the extent those representatives might have claims to bring on ISI's behalf, but ISI cannot foreclose "individual rights of anyone other than [itself]."  *Id.* at 8.  Plaintiff Thornton contends that she does not bring her claims against Defendants "in her capacity as an agent of ISI, but in her individual capacity[.]"  *Id.*  Further, Plaintiffs contend that the Release does not extinguish their claims because no valid contract existed between Plaintiffs and Defendants.  *Id.*

In response, Defendants contend that Plaintiff Thornton was "fully aware of the prior action" between Defendants and ISI.  ECF No. 99 at 2.  Defendants contend that Plaintiffs' argument that settlement agreements cannot be enforced against nonparties only applies to final judgments, not settlement agreements, because Plaintiffs' cited cases only involve final judgments.  *Id.* at 3.  In addition, Defendants argue that "Plaintiffs . . . fail to cite to any law that prohibits enforcement of a private release agreement against a non-signatory who is included as a releasing party."  *Id.* at 4.

Having reviewed the applicable law and the arguments and submissions of the

7

parties, the Court finds that Defendants are not entitled to summary judgment. "[I]n order that there may be a valid and enforceable contract between parties, there must be a meeting of the minds of the contracting parties upon all essential terms and conditions of the contract." *Se. Caissons, LLC v. Choate Constr. Co.*, 784 S.E.2d 650, 655–56 (N.C. Ct. App. 2016) (quoting *Quantum Corp. Funding, Ltd. V. B.H. Bryan Bldg. Co., Inc.*, 623 S.E.2d 793, 798 (N.C. Ct. App. 2006) (citations and quotation marks omitted)). "[A] contract cannot bind a nonparty." *Ferrante v. Westin St. John Hotel Co.*, 559 F. Supp. 3d 492, 503 (E.D.N.C. 2020) (quoting *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (citing *NRG Power Mktg., LLC v. Me. Pub. Utils. Comm'n*, 558 U.S. 165, 175 n.4 (2010))). "The application of claim and issue preclusion to nonparties thus runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" *Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) (quoting *Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996)).

Here, a genuine issue of material fact exists to preclude granting summary judgment. As a threshold matter, Plaintiffs are not a party to the Release executed between Defendants and ISI in North Carolina.[2] Plaintiffs neither signed the Release nor are specifically referenced within the Release. To the extent Plaintiff Thornton was an employee or agent of ISI when Defendants and ISI executed the Release in 2019, Plaintiff Thornton is only barred from suing on those claims that could have been brought by or

---

[2] Both parties argue that the Release should be interpreted pursuant to contract law in South Carolina. *See* ECF Nos. 91 at 4; 94 at 9–10. However, Defendants and ISI executed the Release to resolve litigation in North Carolina, and the Release contains a choice-of-law provision that states that "[t]his Agreement shall be construed and enforced in accordance with the laws of the State of North Carolina." ECF No. 91-1 at 9. Accordingly, the Court will apply North Carolina law in interpreting the Release.

through ISI.  *See* ECF No. 91-1 at 5 ("[ISI], on behalf of itself and its . . . employees . . . agents . . . . ").  A genuine issue of material fact exists as to the status of the commission payments paid to Plaintiffs.  It is unclear from the record whether ISI paid commissions to Thornton through Defendants as an intermediary or whether Defendants paid the commissions directly to Plaintiffs as employees or agents of Defendants.  *See* ECF No. 63-1 at 4 ("Plaintiffs provided . . . independent contractor services to Alda, Inc. in selling ISI's shoes. . . . during which time compensation for said services provided to Alda, Inc. was paid to Eve, Inc. from commissions that Alda, Inc. earned from ISI.") (citations omitted); *see also* ECF No. 71 at 3 ("With regard to commissions . . . they were paid directly from [ISI] to Johnson and/or Alda, and then Johnson and/or Alda were then supposed to pay Eve and/or Eve, Inc.").  Indeed, the claims in this action are that Defendants failed to pay Plaintiffs monies owed by Defendants, not ISI.  Accordingly, the remaining portion of Defendants' Motion for Summary Judgment is [63] is denied.

## CONCLUSION

For the reasons set forth above, the remaining portion of Defendants' Motion for Summary Judgment [63] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

February 16, 2024
Spartanburg, South Carolina